**E. R. MINSHALL, Plaintiff in Error,**

**v.**

**CORPORATION COMMISSION of Oklahoma and Sam F. Shakely, Manager, Pollution Abatement, Defendants in Error.**

**No. 42966.**

Supreme Court of Oklahoma.
June 2, 1971.

Marvin T. Johnson, Tulsa, for plaintiff in error.

Nathan S. Sherman, Asst. Conservation Atty., Corp. Commission, Oklahoma City, for defendants in error.

LAVENDER, Justice.

In this appeal, E. R. Minshall attacks the validity and effectiveness of an order of the Corporation Commission that orders him to replug or repair an oil and gas well that had been abandoned and plugged in 1941.

The order (No. 68269) was made in a proceeding before the Commission under the provisions of Senate Bill No. 396 of the Thirtieth (1965) Oklahoma Legislature (Chapter 191 O.S.L. 1965; 52 O.S.Supps. 1965–1969 §§ 309 through 317) prior to the amendment of Sections 1 and 2 thereof in 1970.

The proceeding was had upon an application by the individual defendant in error herein, Sam F. Shakely, Manager of Pollution Abatement in the Conservation Division of the Corporation Commission.

After notice and hearing thereon, as provided for in Section 8 of the 1965 act (52 O.S.Supps. 1965–1970 § 316), the Commission found, in substance and effect, that a well that had been drilled on a described ten-acre tract of land in Rogers County, Oklahoma, in exploring for oil and gas, had been plugged and abandoned in December of 1941; and that the well was leaking gas, through and onto the ground

around it, at the time of the application and hearing. This, we note, met the requirements for the finding by the Commission, provided for in Section 2 of the act, hereinafter quoted.

In addition thereto, the Commission found that E. R. Minshall (who had filed a response to the application and was represented at the hearing by an attorney) had been the operator of the oil and gas lease covering the land upon which the well was located, when the well was drilled, abandoned, and plugged.

The evidence is not conflicting and supports all of the above-mentioned findings by the Commission.

Based upon those findings, the Commission ordered that Mr. Minshall replug or repair the well in accordance with the Commission's existing rules and regulations, and file a report thereof with the Commission, within thirty days from the date of the order.

He provided a supersedeas bond in the amount prescribed therefor by the Commission ($1,500.00) and appealed to this court.

██ We agree with Mr. Minshall's argument that the statute appearing as 17 O.S.1961 § 53 was the applicable "plugging" statute in effect from 1917 until the effective date of the 1965 act, and that, while it provided that all oil and gas wells be "plugged" upon abandonment, in accordance with the Commission's rules and regulations promulgated under authority of that statute, it has no application to the replugging or repairing of plugged wells.

However, we cannot sustain his contentions that the 1965 act was not intended to apply to wells which were plugged prior to the effective date thereof, and, as applied to a well that had been plugged more than five years prior to the effective date thereof would not only be an ex post facto law prohibited by Section 15 of Article 2 of the Oklahoma Constitution but would, in effect revive a right or remedy (based upon failure to properly plug a well, as required by 17 O.S.1961 § 53) that had been barred by lapse of time or by a statute of this state,

in violation of Section 52 of Article 5 of the Constitution.

The purpose and intent of the 1965 act was to protect the waters and lands within this state against pollution caused by salt water, oil, gas, or other deleterious substances, presently leaking from abandoned wells, by providing a means whereby such presently-leaking wells "may be plugged, replugged, or repaired, by or under the authority and direction of the Corporation Commission," without affecting any existing means or remedy. See: Sections 1 and 7 of the act (52 O.S.Supps. 1965–1969 §§ 309 and 315).

Section 2 of the act provides the means for accomplishing such purpose and intent. Omitting a proviso concerning emergency situations, that section (divided herein for convenience and clarity) provided:

"If after notice and hearing the Commission finds that a well drilled for the exploration, development, or production of oil or gas, or as in injection or salt water disposal well, has been abandoned and *is leaking* salt water, oil, gas or other deleterious substances into any fresh water formation or onto the surface of the land in the vicinity of the well,
and
if after thirty days from the date of *the finding by the Commission* such well has not been properly plugged, replugged, or repaired to remedy such situation,
then the Commission or any person who is or may be affected by such condition, if so authorized by the Commission, may enter upon the land upon which the well is located and plug, replug, or repair such well as may be reasonably required to remedy such condition, * * *."
(Emphasis supplied)

██ The 1965 act was intended to apply, and does apply, with respect to, any and all abandoned wells which are presently leaking salt water, oil, gas or other deleterious substances. If an abandoned well is not presently leaking any of those substances, the act has no application thereto. If it is presently leaking any of those substances,

it makes no difference that the well has been plugged, or when it was plugged. If the well has been plugged, the question of whether or not it was properly plugged in accordance with the then-effective rules and regulations of the Commission is not involved. This interpretation of the act leaves the appellant's contentions concerning the application of the act and the constitutionality of the act as applied to an oil and gas well that was abandoned and plugged more than five years prior to the effective date of the act without any basis.

However, we cannot sustain the Commission's order requiring Mr. Minshall to replug or pay for the replugging or repairing of the well in question.

Apparently, the Commission's finding that E. R. Minshall had been the operator of the lease when this well was abandoned and plugged, and its order requiring him to replug or repair the well, were made on the theory that, as such operator, he was obligated by law to do the necessary remedial work or to pay the costs and expenses thereof if he did not and the work was done by, or under the authority of, the Commission as provided for in Section 2 of the 1965 act.

Section 6 of the act (52 O.S.Supps. 1965–1970 § 314) does grant to any person who had no obligation to plug, replug, or repair the well, but does so under the provisions of the act, a right of action for the reasonable cost and expense thereof against "the person or persons who by law were obligated to properly plug, replug, or repair the well," and a lien upon the interest of "such obligated person or persons" in and to the oil and gas rights in the land and the equipment located thereon. And Section 7 of the act (52 O.S.Supps. 1965–1970 § 315) does mention the person or persons "otherwise legally responsible" for plugging, replugging, or repairing a well.

However, neither of those sections, nor any other provision of the act, imposes upon any one, either expressly or by necessary implication, any responsibility or obligation (not otherwise imposed by law) to plug, replug, or repair any well.

And neither of those sections, nor any other provision of the act, requires any one, either expressly or by necessary implication, to reimburse the Corporation Commission for any part of the costs or expenses of any remedial work done by, or under the authority and direction of, the Commission as provided for in Section 2 of the act. In this connection, we note that Section 3 of the Senate Bill No. 553 of the Second Regular (1970) Session of the Thirty-second Oklahoma Legislature (Chapter 217 O.S.L. 1970, page 356; 52 O.S.Supp.1970 § 318)—although not in effect when this order was made—would be applicable to any remedial work on this well that might be undertaken by the Commission:

> "When the Commission undertakes to plug, replug, or repair any well or wells as authorized and provided in Title 52 of the Oklahoma Statutes, §§ 309 and 310, all such remedial work shall be done by contracts let upon competitive bids. The Commission shall not expend from the Conservation Fund or any other fund in the State Treasury, in any fiscal year, for the purposes herein provided, an amount of money in excess of the total sum specifically authorized annually by the Legislature for such purposes."

We are not concerned in this case with the rights, if any, of any person or persons under the provisions of Section 6 of the 1965 act, mentioned above.

Section 2 of the 1965 act is the "authorizing" section insofar as the Corporation Commission is concerned. It simply authorizes the Corporation Commission, or some "person," as that term is broadly defined in Section 9 of the act (52 O.S. Supps. 1965–1970 § 317), who is or may be affected by the leaking condition of the particular well and who is authorized by the Commission so to do, *to enter upon the land* upon which the well is located, *and plug, replug, or repair the well*, as may reasonably be required to remedy the leaking condition of the well, if the well is not properly plugged, replugged, or repaired, as the case may be, to remedy the situation

within thirty days after the date of the Commission's "finding" provided for in said Section 2.

Neither Section 2, nor any other provision of the act, authorizes the Corporation Commission, either expressly or by necessary implication, to determine who, if any one, is obligated by law to do the necessary remedial work, or to order or require any one to do such remedial work.

Insofar as the replugging, or repairing, of wells which have been plugged is concerned, 17 O.S.1961 § 53, mentioned above, neither imposes any such obligation upon any one nor confers any such authority upon the Corporation Commission:

█ We conclude that the Corporation Commission was without authority to determine that E. R. Minshall, as the operator of the lease involved when the well in question herein was abandoned and plugged, is obligated by law to replug, or repair the well to remedy its leaking condition, or to order him to do such remedial work.

█ The Commission's finding, in effect, that the well involved herein is one of those described in Section 2 of the 1965 act, mentioned above, is supported by the evidence and would constitute a valid basis for the action authorized in Section 2 of that act in the event the necessary remedial work is not done within thirty days from the effective date of such finding (if the well is still leaking at that time).

The cause is remanded to the Corporation Commission with instructions to modify its Order No. 68269 by eliminating therefrom that portion thereof which requires E. R. Minshall to do the necessary remedial work on the well described therein.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS and BLACKBIRD, JJ., concur.

McINERNEY, J., concurs in result.

IRWIN and HODGES, JJ., dissent.